MAIGILLE et al. v. LEONARD.

(Supreme Court, Appellate Division, Second Department.   March 10, 1905.)

1. SUPPLEMENTARY PROCEEDINGS — RESTRAINING ORDERS — VIOLATION — CONTEMPT.

Where, after the service of restraining orders in supplementary proceedings on defendant, he paid out of his bank account a sum in excess of the amount of the fine imposed on him for contempt, he was properly adjudged guilty thereof.

2. SAME—ASSIGNEE OF JUDGMENT—INSTITUTION OF PROCEEDINGS—PREJUDICE.

The attorney who procured a judgment having obtained an order in supplementary proceedings on an affidavit in which the fact that the judgment had been assigned to B. was not disclosed, defendant was not prejudiced by the filing of subsequent affidavits of B. and the attorney, by which such assignment was disclosed, and it was alleged that the proceedings had really been instituted by the attorney, on behalf of B., in the name of the original judgment creditor.

3. SAME—CONTEMPT—PROCEEDINGS TO PUNISH.

A proceeding to punish a judgment debtor for contempt in violating a restraining order in supplementary proceedings should be instituted by an attachment or order to show cause provided for by Code Civ. Proc. § 2269, and not by notice of motion.

4. SAME—WAIVER.

An objection that proceedings to punish defendant for contempt in violating an order in supplementary proceedings were not instituted by attachment or order to show cause, as provided by Code Civ. Proc. § 2269, was waived by a failure to make the same at special term.

5. SAME—CONVICTION—ORDER—MODIFICATION.

Where fees to which a sheriff was entitled in a proceeding to punish defendant for contempt in violating orders issued in supplementary proceedings were not fixed in the order, nor made a part of the fine, such order was erroneous in so far as it provided for defendant's commitment unless he paid the fine and fees.

Appeal from Special Term, Kings County.

Action by Helene M. Maigille (Frank W. Boyer, assignee) against Frank H. Leonard. From an order adjudging defendant guilty of contempt in disobeying an order in supplementary proceedings, and imposing a fine for contempt, he appeals. Modified.

Argued before BARTLETT, WOODWARD, JENKS, RICH, and MILLER, JJ.

Richard W. Newhall, for appellant.

J. Stewart Ross, for respondent Frank W. Boyer.

WILLARD BARTLETT, J.  The proof, as I understand it, clearly establishes the fact that the defendant, after service upon him of the restraining orders in supplementary proceedings, paid out of his bank account a sum in excess of the amount of the fine which has been imposed upon him by the order appealed from. The court below was right, therefore, in adjudging him guilty of contempt, and in imposing that fine, if the proceedings supplementary to execution were properly instituted, and were maintainable by Frank W. Boyer, the assignee of the judgment, who is the respondent in this court.  The affidavit upon which the first order in supplementary proceedings was granted was made by Mr. J.

Stewart Ross, the attorney for the plaintiff in the action in which the judgment was obtained. In that affidavit the fact that Mr. Boyer was the owner of the judgment was not disclosed. It was subsequently made to appear, however, by the affidavits of Mr. Boyer and Mr. Ross, that Mr. Boyer was the assignee of the judgment in the action, and that the supplementary proceedings had really been instituted by Mr. Ross in behalf of Mr. Boyer, although in the name of the plaintiff. This course on the part of the assignee is sanctioned by authority, and affords the judgment debtor no just ground of complaint. Ross v. Clussman, 3 Sandf. 676.

The proceeding to punish the defendant for contempt was brought before the court by means of a notice of motion, whereas it should have been instituted by an attachment or order to show cause, under section 2269 of the Code of Civil Procedure. Sandford v. Sandford, 40 Hun, 540. But this objection was not taken at the Special Term, and must therefore be deemed to have been waived. Wilson v. Greig, 12 N. Y. Wkly. Dig. 73.

The order adjudging the defendant guilty of contempt, and commanding him to pay $991.18, should be affirmed, except in one respect. The last clause provides for the commitment of the defendant unless he pays said fine, together with the fees of the sheriff of Kings county. The amount of these fees is not fixed by the order, nor are they made a part of the fine. Hence the defendant cannot be required to pay them as a condition of the nonenforcement of that portion of the order which provides for his commitment.

The order must therefore be modified by striking out from the last paragraph the words "together with the fees of said sheriff," and, as modified, it should be affirmed, with $10 costs and disbursements. All concur.